**GERARD C. RICKHOFF**   **DONNA KAY McKINNEY**
**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2016CI18078

**Name**: WILFREDO DAPILMOTO

**Date Filed** : 10/17/2016

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 407

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : WILFREDO DAPILMOTO ET AL

**Style (2)** : vs ALLSTATE TEXAS LLOYDS



EXHIBIT B

GERARD C. RICKHOFF   DONNA KAY McKINNEY

COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

# Case #2016CI18078

**Name:** PRISCILLA DAPILMOTO

**Date Filed:** 10/17/2016

**Case Status:** PENDING

**Litigant Type:** PLAINTIFF

**Court:** 407

**Docket Type:** DEBT/CONTRACT

**Business Name:**

**Style:** WILFREDO DAPILMOTO ET AL

**Style (2):** vs ALLSTATE TEXAS LLOYDS

GERARD C. RICKHOFF    DONNA KAY MCKINNEY
COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

# Case #2016CI18078

**Name:**

**Date Filed** : 10/17/2016

**Case Status** : PENDING

**Litigant Type** : DEFENDANT

**Court** : 407

**Docket Type** : DEBT/CONTRACT

**Business Name** : ALLSTATE TEXAS LLOYDS

**Style** : WILFREDO DAPILMOTO ET AL

**Style (2)** : vs ALLSTATE TEXAS LLOYDS

# Case History

*Currently viewing 1 through 6 of 6 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00005 | 11/11/2016 | ORIGINAL ANSWER OF ALLSTATE TEXAS LLOYD'S |
| P00004 | 11/7/2016 | DECLARATION OF MAIL |
| P00003 | 11/7/2016 | DECLARATION OF MAILING ALLSTATE TEXAS LLOYDS |
| S00001 | 10/19/2016 | CITATION ALLSTATE TEXAS LLOYDS ISSUED: 10/19/2016 |
| P00002 | 10/17/2016 | SERVICE ASSIGNED TO CLERK 3 |
| P00001 | 10/17/2016 | PETITION |

FILED
10/17/2016 12:27:44 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

cit pps/sac3

CAUSE NO. **2016CI18078**

| | | |
|---|---|---|
| WILFREDO DAPILMOTO AND PRISCILLA DAPILMOTO, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | |
| v. | § § | BEXAR COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYDS, | § § § | |
| *Defendant.* | § § | **407th** JUDICIAL DISTRICT |

## PLAINTIFFSS' ORIGINAL PETITION

Plaintiffs Wilfredo Dapilmoto and Priscilla Dapilmoto (hereinafter "Plaintiffs" or "Mr. and Mrs. Dapilmoto"), by and through the undersigned counsel, files this *Plaintiffs' Original Petition*, complaining of Allstate Texas Lloyds ("Allstate" or "Defendant") and would respectfully show this Honorable Court the following:

### I.
### DISCOVERY PLAN

1. Plaintiffs intend discovery to be conducted under Level 1 of the Texas Rules of Civil Procedure, Rule 190.2.

### II.
### PARTIES

2. Plaintiffs are Individuals that own real property in Bexar County, Texas.

3. Defendant Allstate is an insurance company engaging in the business of insurance in the State of Texas. Allstate is a Domestic For-Profit Corporation with its principal place of business outside of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, C.T. Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Service is hereby requested.

PLAINTIFFS' ORIGINAL PETITION    EXHIBIT B-1    - 1 - | Page

## III.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because Plaintiffs seek damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

5. This Court has jurisdiction over Defendant Allstate because this Defendant is an insurance company that engages in the business of insurance in Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in Texas.

6. Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Bexar County, Texas. Furthermore, venue is proper in Bexar, County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

## IV.
## FACTUAL BACKGROUND

7. Plaintiffs are the owners of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant.

8. Allstate sold and issued Plaintiffs the Policy insuring the Property against damages caused by hail, windstorm and other covered perils.

9. On or about April 12, 2016, Plaintiffs owned real property with improvements located at 6330 Firestone Parkway, San Antonio, Texas 78244-1542, located in Bexar County (hereinafter referred to as "the Property").

10. On or about April 12, 2016, the Property described above sustained severe damages to the roof due to the direct force of hail.

11. Plaintiffs duly notified Allstate of the damage sustained, and asked that Defendant pay for damages to the Property and other damages covered by the terms of the Policy.

12. Allstate then assigned Plaintiffs Claim No. 0409275278 (hereinafter "the Claim").

13. After its investigation, Allstate accepted coverage but significantly underpaid the claim.

14. After Plaintiffs retained counsel and sent Allstate a Texas Insurance Code demand notice, Allstate admitted to underpayment and represented on September 12, 2016 that further coverage would be extended for an entire replacement of the roof, along with additional coverage for resulting interior damages.

15. However, as of the date of this suit, Allstate has yet to make payment for this additional coverage.

16. As set forth below, Allstate failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiffs' Claim by:

   a) Wrongfully denying Plaintiffs' Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiffs is claiming;

   b) Underpaying some of Plaintiffs' Claim by not providing full coverage for damages sustained to the Property;

   c) Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

   d) Continuing to delay in the payment of damages to the Property, including the roof and exterior.

17. Additionally, Allstate breached its contractual obligation to Plaintiffs by continuing to refuse to adequately compensate Plaintiffs for the damage to the Property pursuant to the terms of the Policy. Notably, Allstate refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

18. Plaintiffs complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

19. Allstate continues to delay in the payment of the damage to the Property despite Plaintiffs' requests. Accordingly, Plaintiffs have still not been paid in full for the damages to the Property.

20. As a result of Allstate's wrongful acts and omissions, Plaintiffs were forced to retain legal counsel to represent Plaintiffs with respect to these causes of action.

## V.
## CAUSES OF ACTION

### BREACH OF CONTRACT

21. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

22. Although Plaintiffs fully cooperated with Allstate, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Allstate has failed and refused to pay to Plaintiffs the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

23. Plaintiffs have been required by the actions of Allstate to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

24. Allstate's breach proximately caused Plaintiffs' injuries and damages.

### UNFAIR SETTLEMENT PRACTICES

25. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

26. Allstate violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Allstate's violations are actionable pursuant to TEX. INS. CODE § 541.151.

27. Allstate engaged in the following unfair settlement practices:

    a)  Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiffs material facts or Policy provisions relating to the coverage at issue by misrepresenting the true scope and amount of covered damage to the Property even though it was reasonably clear that further coverage should have been extended for damages caused by a covered peril.

    b)  Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Allstate's liability under the Policy was reasonably clear. Specifically, Allstate failed to make an attempt to settle the Claim fairly despite the fact that Allstate was aware of its liability to Plaintiffs under the Policy.

    c)  Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiffs with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Allstate's denial of the claim or offer of a compromise settlement of the Claim. Specifically, Allstate failed to offer Plaintiffs adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

    d)  Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiffs' Claim without conducting a *reasonable* investigation with respect to the Claim. Allstate's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiffs' Property.

28. Each of the foregoing unfair settlement practices was committed with knowledge by Allstate, and was a producing cause of Plaintiffs' injuries and damages.

## MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS

29. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Additionally, Allstate made misrepresentations about Plaintiffs' insurance policy and claim in violation of TEX. INS. CODE § 541.061. All of Allstate's violations are actionable pursuant to TEX. INS. CODE § 541.151.

31. Allstate engaged in deceptive insurance practices by making an untrue statement of material fact in violation of § 541.061(1). Specifically, Allstate misrepresented the true scope and amount of Plaintiffs' claim, even though it was at all times reasonably clear during Allstate's claim investigation that further coverage should be extended for damages caused as a result of a peril covered under the policy.

32. Each of the foregoing unfair settlement practices was committed with knowledge by Allstate, and was a producing cause of Plaintiffs' injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATIONS

33. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

34. Plaintiffs' Claim is a claim under the insurance Policy issued by Allstate, of which Plaintiffs gave Allstate proper notice. As set forth more fully below, Allstate's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

35. Specifically, Allstate violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by delaying payment of the Claim following Allstate's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Specifically, Allstate delayed full payment of the Claim and, to date, Plaintiffs has still not received full payment on this Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

36. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

37. Since Plaintiffs initially presented the Claim to Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. The hail damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept full coverage for such damages. Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear hail damage. Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear hail damage to the property.

38. As a result of Allstate's outcome-oriented investigation, Allstate continues to refuse to pay Plaintiffs in full for the Claim.

39. Allstate denied coverage and delayed payment for the full amount of Plaintiffs' claim when it had no reasonable basis for doing so. Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

40. Plaintiffs incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

41. Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

42. Plaintiffs would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiffs.

43. Plaintiffs' damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiffs. Upon trial of this case, it will be shown that these damages are a direct result of Allstate's improper handling of the Claim in violation of the laws set forth above.

44. For the breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

45. As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiffs are entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendant's knowing conduct in violating these laws, Plaintiffs respectfully request treble damages pursuant to TEX. INS. CODE § 541.152.

46. Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiffs are entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

47. For the breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Allstate's breach, exemplary damages, and damages for emotional distress.

48. As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

49. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs are seeking only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.
## JURY DEMAND

50. Plaintiffs hereby request that all causes of action alleged herein be tried before a jury, and hereby tenders the appropriate jury fee.

## IX.
## WRITTEN DISCOVERY

51. Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the information or material described in Rule 194.2.

52. Attached to this petition are Plaintiffs' Requests for Production and Plaintiffs' Interrogatories.

# X.
# PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that upon trial hereof, final judgment be rendered for Plaintiffs as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of this suit; and

9) Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,
THE LANE LAW FIRM, P.L.L.C.

By: */s/ Robert C. Lane*
Robert "Chip" C. Lane
State Bar No. 24046263
chip.lane@lanelaw.com
Jack D. Kitchen
State Bar No. 24084320
jack.kitchen@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFFS
WILFREDO DAPILMOTO AND
PRISCILLA DAPILMOTO**

PRIVATE PROCESS

Case Number: 2016-CI-18078         2016CI18078 S00001

WILFREDO DAPILMOTO ET AL
VS.
ALLSTATE TEXAS LLOYDS
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
407th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# CITATION

"THE STATE OF TEXAS"

Directed To: ALLSTATE TEXAS LLOYDS

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEMS

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 17th day of October, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF OCTOBER A.D., 2016.

PETITION

ROBERT C LANE
ATTORNEY FOR PLAINTIFF
6200 SAVOY DR 1150
HOUSTON, TX 77036-3300



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Olivia Cruz*, Deputy

---

**OFFICER'S RETURN**

I received this citation on _____ at _____o'clock ___M. and:( ) **executed** it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____
_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20____.


EXHIBIT b-2

_____
Declarant         ORIGINAL (DK002)

FILED
11/11/2016 2:43:59 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Norma Gonzales

## CAUSE NO. 2016CI18078

| | | |
|---|---|---|
| **WILFREDO DAPILMOTO AND PRISCILLA DAPILMOTO** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § | |
| v. | § § | **BEXAR COUNTY, TEXAS** |
| **ALLSTATE TEXAS LLOYD'S** | § § § | |
| **Defendant.** | § | **407TH JUDICIAL DISTRICT** |

### ORIGINAL ANSWER OF ALLSTATE TEXAS LLOYD'S

Allstate Texas Lloyd's ("Defendant"), Defendant in the above-entitled action, files its Original Answer and would show:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations in Plaintiffs' Original Petition, and, since they are allegations of fact, requests that the Plaintiffs be required to prove them by a preponderance of the credible evidence as is required by state law.

WHEREFORE, Defendant requests that upon trial and hearing hereof, Plaintiffs recover nothing from Defendant, and that Defendant recover all costs of court and such other and further relief at law or in equity to which it may be justly entitled.

**ORIGINAL ANSWER OF ALLSTATE TEXAS LLOYD'S – Page 1**
2590218v1
03646.733


EXHIBIT B-3

Respectfully submitted,

/s/ Roger D. Higgins
Roger D. Higgins
State Bar No. 09601500
Brandt R. Johnson
State Bar No. 00794030
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:	(214) 871-8200
Facsimile:	(214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: brjohnson@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2016, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Robert "Chip" C. Lane
Jack D. Kitchen
The Lane Law Firm, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300

/s/ Roger D. Higgins
Roger D. Higgins